MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: DAVID BOBER
Assistant United States Attorney
86 Chambers Street, 3d Floor
New York, NY  10007
Tel.: (212) 637-2718
Fax: (212) 637-2786
david.bober@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
:
FRANCIS L. WRIGHT,                   :
:
:
          Plaintiff,                 :
:
   - against -                       :    07 Civ. 9640 (NRB)
:
:    **ANSWER**
:
MARY ANN GANTNER, District Director, :
New York, United States Immigration and :
Customs Enforcement, Department of Homeland :
Security, MICHAEL CHERTOFF, Secretary of :
Homeland Security, Washington, D.C.,  :
Department of Homeland Security, MICHAEL B. :
MUKASEY, Attorney General of the United :
States of America, Washington, D.C., United :
States Department of Justice,[1]      :
:
          Defendant.                 :
:
------------------------------------x

Defendants Mary Ann Gantner, Michael Chertoff, and Michael B. Mukasey, by their

attorney Michael J. Garcia, United States Attorney for the Southern District of New York,

answer the complaint on information and belief as follows:

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a defendant in this action.

1. Paragraph 1 of the complaint purports to state a legal conclusion, to which no response is required.

2. Defendants deny knowledge or information sufficient to formulate a belief as to the truth of the allegations contained in paragraph 2 of the complaint.

3. Defendants deny that Mary Ann Gantner is the District Director of Immigration and Customs Enforcement in New York, and aver that Mary Ann Gantner was the District Director of the New York Office of Citizenship and Immigration Services ("CIS"). Defendants further aver that Andrea Quarantillo is now the District Director of the New York Office of Citizenship and Immigration Services. The remainder of paragraph 3 of the complaint purports to state legal conclusions, to which no response is required.

4. Defendants admit that Michael Chertoff is Secretary of the Department of Homeland Security. The remainder of paragraph 4 of the complaint purports to state legal conclusions, to which no response is required.

5. Defendants deny that Alberto Gonzales is Attorney General of the United States. Defendants aver that Michael B. Mukasey is Attorney General of the United States. The remainder of paragraph 5 of the complaint purports to state legal conclusions, to which no response is required.

6. Paragraph 6 of the complaint purports to state legal conclusions, to which no response is required.

7. Defendants deny knowledge or information sufficient to formulate a belief as to the truth of the allegations contained in paragraph 7 of the complaint, except admit that on July 24, 1979, plaintiff was issued an immigrant visa as temporary evidence of lawful admission for

permanent residence in the United States, and admit that Wright is at least eighteen years old.

8. Defendants deny that plaintiff was born on November 8, 1976, and note that on his application for naturalization he stated that he was born November 8, 1949. Defendants admit that on July 24, 1979, plaintiff was issued an immigrant visa as temporary evidence of lawful admission for permanent residence in the United States. Defendants deny knowledge or information sufficient to formulate a belief as to the truth of Wright's current residence or citizenship.

9. Defendants admit the allegations contained in paragraph 9 of the complaint.

10. Defendants admit the allegations contained in paragraph 10 of the complaint.

11. Defendants admit the allegations contained in paragraph 11 of the complaint.

12. With respect to paragraph 12 of the complaint, defendants deny knowledge or information sufficient to formulate a belief as to when Wright was arrested. Defendants admit that on October 16, 1985, Wright pleaded guilty to disorderly conduct and was sentenced to a fine of $250.

13. With respect to paragraph 13 of the complaint, defendants admit that plaintiff was arrested on April 17, 1986, for sale of marijuana. Defendants deny knowledge or information sufficient to formulate a belief as to whether plaintiff was sentenced to three years' probation, and aver that plaintiff was sentenced to a term of imprisonment of 167 days.

14. Defendants admit the allegations contained in paragraph 14 of the complaint.

15. With respect to paragraph 15 of the complaint, defendants admit that plaintiff was arrested on July 25, 1986, for disorderly conduct and prowling, and deny knowledge or information sufficient to formulate a belief as to the disposition of the charges.

16. With respect to paragraph 16 of the complaint, defendants admit that plaintiff was arrested on June 15, 1987, for resisting an officer, and deny knowledge or information sufficient to formulate a belief as to the disposition of the charges.

17. Defendants deny knowledge or information sufficient to formulate a belief as to the truth of the allegations contained in paragraph 17 of the complaint.

18. Defendants admit the allegations contained in paragraph 18 of the complaint.

19. Defendants admit the allegations contained in paragraph 19 of the complaint.

20. Defendants admit the allegations contained in paragraph 20 of the complaint.

21. Defendants admit the allegations contained in paragraph 21 of the complaint.

22. Defendants deny knowledge or information sufficient to formulate a belief as to the truth of the allegations contained in paragraph 22 of the complaint.

23. Defendants admit the allegations contained in paragraph 23 of the complaint.

24. Defendants admit the allegations contained in paragraph 24 of the complaint.

25. Defendants admit the allegations contained in paragraph 25 of the complaint.

26. Defendants admit the allegations contained in paragraph 26 of the complaint.

27. With respect to paragraph 27 of the complaint, defendants admit that on July 19, 2006, CIS denied plaintiff's naturalization application, and respectfully refer the Court to the written decision for a complete and accurate description of its contents.

28. With respect to paragraph 28 of the complaint, defendants deny that plaintiff submitted a Form N-336 on February 9, 2005. Defendants aver that plaintiff submitted a Form N-336 that was received by CIS on August 17, 2006, and refer to the Form N-336 for a complete and accurate description of its contents.

29.     With respect to paragraph 29 of the complaint, defendants admit that CIS denied plaintiff's appeal of the denial of his naturalization application on July 3, 2007, and respectfully refer the Court to that decision for a complete and accurate description of its contents. Defendants deny the other allegations in paragraph 29 of the complaint.

30.     Defendants neither admit nor deny the allegations contained in paragraph 30 of the complaint, because that paragraph contains plaintiff's characterizations of this action and/or conclusions of law, to which no response is required.

## AS AND FOR A FIRST DEFENSE

The administrative decisions issued by CIS on July 19, 2006, and July 3, 2007, denying plaintiff's naturalization application, were properly issued, supported by substantial evidence in the record, comported with applicable law, and fell within the ambit of CIS's broad discretion in naturalization matters.

## AS AND FOR A SECOND DEFENSE

Plaintiff is ineligible for naturalization as a United States citizen to the extent that he is unable to demonstrate that he possesses good moral character within the meaning of the immigration laws.

WHEREFORE, defendants respectfully request that this Court enter judgment dismissing the complaint in its entirety, and for such other relief as the Court deems proper.

Dated: New York, New York
January 3, 2008

        Respectfully submitted,

        MICHAEL J. GARCIA
        United States Attorney for the
        Southern District of New York
        Attorney for Defendants

By:   /s/_____
        DAVID BOBER
        Assistant United States Attorney
        86 Chambers Street, 3d Floor
        New York, NY  10007
        Telephone:  (212) 637-2718
        Facsimile:   (212) 637-2786
        david.bober@usdoj.gov

To:    Kira Repetto, Esq.
       Law Offices of Spar & Bernstein, P.C.
       Attorneys for plaintiff
       225 Broadway, 5th Floor
       New York, NY  10007